UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

JOHN G. SZYMANSKI, SR., and
CAROL A. SZYMANSKI,

        Debtors.
_____/

Case No. 10-22054-dob
Chapter 12 Proceeding
Hon. Daniel S. Opperman

## OPINION REGARDING DEBTORS' MOTION TO AVOID LIEN OF THUMB ELECTRIC COOPERATIVE

### Facts

Debtors file this Motion to partially avoid the lien held by Thumb Electric Cooperative ("TEC") on their real property. Debtors assert that the lien should be reduced by $40,400 ($20,200 each), or down to $43,328.00. Debtors also assert that TEC's lien should be declared completely void under applicable Michigan statutes because it was not timely re-recorded after the five-year expiration date. The judgment lien at issue was originally recorded on December 14, 2009 at Liber 1086, page 388 in the Sanilac County Records.

A hearing was held on this matter on June 18, 2015. Post-hearing briefs were filed, and included in the filing was an Order entered by Judge Donald A. Teeple, in the Circuit Court for the County of Sanilac on July 13, 2015. That Order states:

> This matter having been brought on to be heard upon the Motion of Plaintiffs to determine that Defendant no longer has a valid Judgment Lien and counsel for the respective parties having presented their arguments and the Court being fully advised in the premises,
>
> IT IS ORDERED that the Amended Second Notice of Judgment Lien recorded in Liber 1250, page 657, Sanilac County Records, on September 26, 2014, is invalid and of no force and effect and is hereby discharged in said records for the reason that Defendant failed to follow the Statute in a timely fashion, and Statute being MCLA

1

600.2809(4).

IT IS FURTHER ORDERED that the Notice of Judgment Lien recorded in Liber 1086, page 388, Sanilac County Records, on December 14, 2009, expired on December 14, 2014.  This Court has not made a determination as to the validity of said Judgment Lien.

IT IS FURTHER ORDERED that this Order may be recorded in the Sanilac County Register of Deeds.

<u>Law</u>

Section 108 of the Bankruptcy Code is entitled "Extension of Time," deals with the effect of the bankruptcy on time periods for taking certain actions.  Subsections (a) and (b) extend certain time periods for the trustee or the debtor to take action.  Section 108(c) addresses the time periods affecting non-debtors.  It states:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of:
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case, or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Section 108(c) gives plaintiffs until the longer of the applicable statute of limitations or 30 days after the stay is lifted to file their action.  In *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067 (2d Cir. 1993), the Second Circuit Court of Appeals held that the action was time-barred, rejecting the plaintiff's argument that Section 108(b) had tolled the running statute of limitations. The *Aslanidis* Court held:

> Commencing with the plain meaning, we observe that by its terms § 108(c) does

not provide for tolling of any externally imposed time bars, such as those found in
the two maritime statutes of limitations. The bankruptcy section only calls for
applicable time deadlines to be extended for 30 days after notice of the
termination of a bankruptcy stay, if any such deadline would have fallen on an
earlier date. The reference in § 108(c)(1) to "suspension" of time limits clearly
does not operate in itself to stop the running of a statute of limitations; rather, this
language merely incorporates suspensions of deadlines that are expressly
provided in *other* federal or state statutes.

*Id*. at 1073 (emphasis in original).

Michigan law does not toll the running of the effectiveness of a judgment lien. The applicable statute is M.C.L.A. § 600.2809, which in relevant part states:

§ 600.2809. Judgment lien; expiration; rerecording; tolling or suspension of time period; judgment lien extinguished.

(1) Unless subsection (2) or (3) applies, a judgment lien expires 5 years after the date it is recorded.

* * * *

(5) The filing of a state or federal insolvency proceeding by the judgment debtor does not toll or suspend the time period in which a judgment lien is effective.

Analysis and Conclusion

Notably, the last sentence of the third paragraph of the state court July 13, 2015, Order states that it "has not made a determination as to the validity of said Judgment Lien." The question thus presented to the Court is whether Section 108(c) and applicable Michigan law tolled the expiration of the time for TEC to renew its judgment lien. Under Michigan law, specifically M.C.L.A. § 600.2809(5), the answer to this question is no. TEC argues that its judicial lien was "frozen" and preserved by the bankruptcy filing regardless of its expiration on December 14, 2014, due to TEC's failure to renew it within five years of its original date of recording. Unfortunately for TEC, this argument is contrary to federal bankruptcy and

3

applicable Michigan law.  Debtors' remaining arguments as to any reduction of the lien are rendered moot by this decision.

Accordingly, Debtors' Motion to avoid TEC's judicial lien is granted.  TEC urges this Court to first rule on its Motion to Dismiss currently pending before this Court and hold all other matters including the instant Motion in abeyance.  The Court views TEC's Motion to Dismiss as the broader issue, and now that it has determined that TEC's Judgment Lien is void, the impact of such on Debtors' proposed Chapter 12 plan and whether such plan will be amended must next be determined, because any determinations as to the extent of TEC's unsecured claim are currently not before the Court.  Thus, the Court will hold a telephonic status conference on TEC's Motion to Dismiss on **Thursday, September 10, 2015, at 2:30 p.m.** on this Motion, as well as the status of confirmation.  The Court will prepare an appropriate Order.

**Not for Publication**

**Signed on August 13, 2015**

                                       **/s/ Daniel S. Opperman**
                                       **Daniel S. Opperman**
                                       **United States Bankruptcy Judge**