UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

JOHN G. SZYMANSKI, SR., and
CAROL A. SZYMANSKI,

                Debtors.

_____/

Case No. 10-22054-dob
Chapter 12 Proceeding
Hon. Daniel S. Opperman

## OPINION REGARDING CREDITOR THUMB ELECTRIC COOPERATIVE'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER DATED AUGUST 13, 2015

### Facts

Creditor Thumb Electric Cooperative ("TEC") filed a Motion for Reconsideration of this Court's August 13, 2015, Opinion Regarding and Order Granting Debtors' Motion to Avoid TEC's Lien. Debtors filed an objection to the Motion for Reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and Local Rule 9024-1(a)(2) for the Bankruptcy Court for the Eastern District of Michigan, the instant Motion will be determined by the Court without oral argument.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, the instant Motion was timely filed, as such was filed within fourteen (14) days of entry of the August 13, 2015, Order. A motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake*

1

*Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The facts are as stated in this Court's August 13, 2015, Opinion and Order. In its Opinion, this Court held that under 11 U.S.C. § 108(c) and applicable Michigan law, specifically M.C.L.A. § 600.2809(5), expiration of TEC's Judgment Lien was not tolled by the Debtors' bankruptcy filing. To restate the Court's Opinion in this regard:

> Michigan law does not toll the running of the effectiveness of a judgment lien. The applicable statute is M.C.L.A. § 600.2809, which in relevant part states:
>
>> § 600.2809. Judgment lien; expiration; rerecording; tolling or suspension of time period; judgment lien extinguished.
>>
>> (1) Unless subsection (2) or (3) applies, a judgment lien expires 5 years after the date it is recorded.
>>
>> * * * *
>>
>> (5) The filing of a state or federal insolvency proceeding by the judgment debtor does not toll or suspend the time period in which a judgment lien is effective.
>
> * * * *
>
> The question thus presented to the Court is whether Section 108(c) and applicable Michigan law tolled the expiration of the time for TEC to renew its judgment lien. Under Michigan law, specifically M.C.L.A. § 600.2809(5), the answer to this question is no. TEC argues that its judicial lien was "frozen" and preserved by the bankruptcy filing regardless of its expiration on December 14, 2014, due to TEC's failure to renew it within five years of its original date of recording. Unfortunately for TEC, this argument is contrary to federal bankruptcy and applicable Michigan law. Debtors' remaining arguments as to any reduction of the lien are rendered moot by this decision.

August 13, 2015, Opinion, Docket #391, at 3-4.

In the instant Motion, TEC argues that this Court committed a palpable error of law, in not holding that TEC's secured status was "frozen" at the time of a bankruptcy petition," and by not citing cases in support of its decision. TEC cites the unpublished case of *In re Wilkinson*, 2012 WL 1192780 (Bankr. N.D.N.Y. Apr. 10, 2012), in support of this proposition. The *Wilkinson* case is distinguishable, because that case involved whether a creditor was required to file a UCC-1 continuation statement pursuant to applicable law, there the New York Uniform Commercial Code. This case involves a judicial lien under Michigan law. This Court did not cite case law in rendering its decision because the applicable Michigan statute is clear--TEC's Judicial Lien was not tolled by Debtors' bankruptcy filing. There is no clear error of law.

Accordingly, TEC's Motion for Reconsideration is denied. The Court will enter an appropriate Order.

**Not for Publication**

```
Signed on September 10, 2015
                                         /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge
```

3