UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

JOHN G. SZYMANSKI, SR., and
CAROL A. SZYMANSKI,                          Case No. 10-22054-dob
                                             Chapter 12 Proceeding
            Debtors.                         Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTORS' MOTION TO CORRECT
AND/OR MODIFY ORDER CONFIRMING MODIFIED
POST-CONFIRMATION CHAPTER 12 PLAN DATED JULY 30, 2013 AND MOTIONS TO
DISMISS FILED BY THE CHAPTER 12 TRUSTEE AND THUMB ELECTRIC
COOPERATIVE

Facts

Debtors filed this Chapter 12 case on April 23, 2010. An Order Confirming Plan was entered

on August 13, 2010. Debtors filed a Post-Confirmation Modified Chapter 12 Plan on April 10,

2013, and an Order Confirming such was entered on July 30, 2013. On December 11, 2014, Debtors

filed the instant Motion to Correct and/or Modify Order Confirming Modified Post-Confirmation

Chapter 12 Plan. Debtors propose to modify the following paragraph of the July 30, 2013, Order:

> IT IS FURTHER ORDERED that no discharge shall be granted until all
> timely filed unsecured creditor claims have been paid 100% of their total claim
> within a plan term not to exceed 60 months, which includes the claim of Thumb
> Electric Cooperative ("Thumb Electric") in an amount to be determined by a Court
> of appropriate jurisdiction.

Debtors assert that they never intended that unsecured creditors would be paid in full when

they proposed their modified plan post-confirmation on April 10, 2013, and "never contemplated

at any time that they would be able to pay unsecured creditors more than the dividend proposed in

1

the original confirmed plan which was 2%." Debtors contend that the Trustee and the Court "misinterpreted" Debtors' statements when they requested to modify their plan prior to the July 30, 2013, Order. Specifically, the misinterpretation regarded the timing availability of the proceeds from their lawsuit against Thumb Electric Cooperative ("Thumb Electric"), as well as the overall amount previously indicated.

Thumb Electric objects, asserting that Debtors have not provided any new factual basis to support the modification, and even if the reduction to 2% is allowed, Debtors will be unable to pay such, making the proposed modification not feasible.

American Embryos, Inc., Lake Odessa Livestock Leasing, and United Bank filed a joint objection, asserting that the instant Motion is time barred by Federal Rule of Civil Procedure 60(c)[1] because the instant Motion was filed over 17 months after the July 30, 2013, Order was entered, which is more than the one-year time period from date of entry of order allowed by this Rule. These claimants also assert that they do not agree to the reduction in payments from 100% to 2% of their claims, but state they "may agree" to accept payments on their claims beyond the plan term, so long as their claims are not discharged upon plan completion.

On February 27, 2015, the Court entered an Order on the instant Motion, holding that, "to the extent the Debtors' Motion requests relief pursuant to Federal Rule of Civil Procedure 60, said Motion is denied," and further determining that the Motion would be considered a Motion to Modify the Chapter 12 Plan pursuant to 11 U.S.C. § 1229. This matter was adjourned several times, the last hearing on this Motion, among other pending matters, having been heard on September 10, 2015.

---

[1] Made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 9024.

2

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

<u>Law</u>

Debtors Motion seeks modification of their last confirmed Chapter 12 plan.[2] 11 U.S.C. § 1229, addressing post-confirmation modifications of Chapter 12 plans states:

> § 1229. Modification of plan after confirmation.
>
> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
>
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments; or
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for

---

[2] The instant motion is appropriately analyzed under Section 1229, rather than Section 1230, because Section 1230, concerning revocation of an order of confirmation is not applicable under the facts of this case. Section 1230 requires that the party in interest make a request for revocation within 180 days of the entry of the order of confirmation, and that the court find that the confirmation order was procured by fraud. In this case, the instant Motion was made well after the 180-day requirement, and there is no allegation the July 30, 2013, Order was procured by fraud.

by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)
(1) Sections 1222(a), 1222(b), and 1223(c) of this title and the requirements of section 1225(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

(d) A plan may not be modified under this section–

(1) to increase the amount of any payment due before the plan as modified becomes the plan;

(2) by anyone except the debtor, based on an increase in the debtor's disposable income, to increase the amount of payments to unsecured creditors required for a particular month so that the aggregate of such payments exceeds the debtor's disposable income for such month; or

(3) in the last year of the plan by anyone except the debtor, to require payments that would leave the debtor with insufficient funds to carry on the farming operation after the plan is com

Case law interpreting post-confirmation modifications in Chapter 13 cases under 11 U.S.C. § 1329, with provisions similar to those of Section 1229, is commonly used as guidance in Chapter 12 cases. *Mitchell v. United States (In re Mitchell)*, 210 B.R. 978, 981-82 (Bankr. N.D. Tex. 1997). With the exception of cross-references of section numbers and Section 1329(a)(4) and Section 1229(d), both inapplicable here, the wording of Section 1229 and 1329 are identical.

The Sixth Circuit Court of Appeals and the Sixth Circuit Bankruptcy Appellate Panel have addressed the nearly identical Section 1329 in other, more complex, contexts. In the case

4

of *Ford Motor Credit Co. v. Parmenter (In re Parmenter)*, 527 F.3d 606 (6th Cir. 2008), the Sixth

Circuit Court of Appeals held that Section 1329 does not permit modifications to the terms of the

debtors' confirmed plan, which creates a new obligation on the estate, specifically the creation of

an administrative expense claim arising from the debtors' default on a vehicle lease they had

assumed responsibility for paying through their Chapter 13 plan. Subsequently, in the case of

*Storey v. Pees (In re Storey)*, 392 B.R. 266 (B.A.P. 6th Cir. 2008), the Bankruptcy Appellate

Panel for the Sixth Circuit reversed the bankruptcy court in denying a proposed post-

confirmation plan modification to increase the plan length with a resulting increase to unsecured

creditors from 7% to 50%, holding that Section 1329 was limited to those circumstances

enumerated in subsection (a) of Section 1329–namely for purposes here: "(1) increase or reduce

the amount of payments on claims of a particular class provided for by the plan; (2) extend or

reduce the time for such payments; and (3) alter the amount of the distribution to a creditor

whose claim is provided for by the plan to the extent necessary to take account of any payment

of such claim other than under the plan." The *Storey* Court held that, "[b]y its own terms, §

1329 sets forth no standard as to when post-confirmation modification is permitted," but that the

Sixth Circuit "has reiterated the necessity of only permitting modifications that strictly fall

within the parameters of § 1329, due in part to the binding effect of confirmation under § 1327."

*Id*. at 270-71. The *Storey* Court cited three decisions, in addition to the *Parmenter* decision,

which reiterate the above holding. The first is the case of *Ruskin v. DaimlerChrysler Servs. N.*

*Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 305 (6th Cir. 2005), in which the Sixth Circuit held that

the debtor must continue paying secured creditor under plan despite the sale of a vehicle

following the creditor obtaining relief from stay due to binding effect of confirmed plan under

5

Section 1327).  The second case is *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 533

(6th Cir. 2000), in which the Sixth Circuit held that the binding effect of Section 1327 and limits

of Section 1329 did not permit debtors to modify plan post-confirmation to surrender secured

creditor's collateral and reclassify the deficiency as unsecured claim).  The third case is an

unpublished decision from the Sixth Circuit, *Cline v. Welch (In re Welch)*, No. 97-5080,  1998

WL 773999, *3 (6th Cir. Oct. 11, 1998), which held that a creditor's challenge to whether a plan

is proposed in good faith or met the disposable income test through a post-confirmation plan

modification would not be permitted under Section 1327(a) and Section 1329, because the

"binding effect of the plan also bars creditors from raising, at the time of a motion for

modification of the plan, issues that could have been raised at the time the plan was originally

confirmed." *Id*. at *2.

Analysis and Conclusion

This Court concludes that the post-confirmation modification proposed by Debtors is a

permissible modification pursuant to Section 1229.  The proposed modification decreases the

aggregate amount of payments, i.e., the percentage payable to filed Class 8 unsecured creditor

claims, and nothing more.  This proposed modification fits squarely within Section 1229(a)(1),

as a reduction in the amount of payments on claims of a particular class provided for by the plan.

First, the Court is satisfied that Debtor's  proposed modification "strictly fall[s] within the

parameters of § [1229]" *See Storey*, 392 B.R at 270-71.  Second, the Court is satisfied that the

reason for the proposed modification, a misinterpretation of the source of funding for the Chapter

12 Plan payments at the time the July 30, 2013, Order was entered, is not contrary to binding

Sixth Circuit authority.

6

For these reasons, Debtors' Motion to Modify their Confirmed Chapter 12 Plan is granted. Accordingly, the Motions to Dismiss filed by the Chapter 12 Trustee (Docket No. 320) and Thumb Electric (Docket No. 339) are denied, but with the reservation that each Motion may be refiled and heard if the Debtors fail to complete the terms of their modified plan. The Court will prepare appropriate Orders.

**Not for Publication**

Signed on October 01, 2015

                              /s/ Daniel S. Opperman
                         Daniel S. Opperman
                         United States Bankruptcy Judge